IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERY ARNOLD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 09 C 1018 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons set forth below, petitioner Jeffery Arnold's "Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" under 28 U.S.C. § 2255 (Dkt. No. 1) is denied.

BACKGROUND

Petitioner Jeffery Arnold ("Arnold") does not dispute the following facts, as set forth by the United States Court of Appeals for the Seventh Circuit in its opinion on Arnold's direct appeal:

> In September 2004, while serving in the United States army in Iraq, Arnold began communicating in an Internet chat room . . . with "Mandy," who he thought was a 12-year-old girl. Actually, "Mandy" was an undercover agent employed by the Cook County Sheriff's Department in Illinois. Over the next several months, Arnold communicated with "Mandy" by email, instant message, web camera, and cell phone, and discussed meeting her in person. After returning from Iraq, Arnold continued communicating with "Mandy." In April of 2005 he emailed her, on three separate occasions, photographs of prepubescent female minors performing oral sex on adult males. He also used a web camera to send "Mandy" real-time images of himself masturbating.
>
> In May of 2005 Arnold began communicating with a 15 year-old girl (who was not an undercover agent) in Portland, Oregon, through an Internet chat room and instant messaging. He also tried to send her a computer file with a photograph of a minor girl

performing oral sex on an adult male, and he discussed with her whether she would run away to meet him and engage in sexual activity. Finally, Arnold communicated several times with a second undercover officer posing as a minor female (this time the name was "Vanessa") in San Antonio, Texas, conducting communications similar in nature to those he had with "Mandy."

Arnold was arrested in May 2005 based on his communications with "Mandy."

*United States v. Arnold*, No. 06-4218, 2008 WL 370927, at *1 (7th Cir. Feb. 12, 2008).

On June 28, 2005, a federal grand jury charged Arnold with one count of using the Internet to attempt to persuade, induce, and entice a person he believed to be a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and three counts of transporting child pornography through interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1). *United States v. Arnold*, 05 CR 478 (N.D. Ill.). On September 27, 2005, pursuant to a plea agreement Arnold plead guilty to one count of knowingly transporting child pornography through interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). (05 CR 478, Dkt. No. 34 ("Plea Agreement").)

Arnold was sentenced on November 30, 2006. After calculating the appropriate Guidelines range (including a seven-level enhancement pursuant to § 2G2.2(b)(3)(E) of the United States Sentencing Guidelines) and considering all of the relevant factors under 18 U.S.C. § 3553(a), this court sentenced Arnold to the statutory maximum of 20 years imprisonment. (05 CR 478, Dkt. No. 57.) Arnold timely appealed and argued that, although the Sentencing Guidelines range was properly calculated, the sentence imposed was unreasonable. *Arnold*, 2008 WL 370927, at *2. On appeal the Seventh Circuit "conclude[d] that the sentence was reasonable." *Id.* at *4. Arnold did not file a petition for *certiorari* to the United States Supreme Court. On March 19, 2009, Arnold timely filed the pending § 2255 motion.

LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court finds that the sentence imposed was in violation of the petitioner's constitutional rights, the court must vacate and set aside the judgment and discharge petitioner, resentence the petitioner, grant a new trial, or correct the sentence. 28 U.S.C. § Section 2255(b).

ANALYSIS

In this case, Arnold argues that his sentence should be vacated because it was imposed in violation of his constitutional right to the effective assistance of counsel and his due process rights. The court discusses each argument in turn.

I. Ineffective Assistance of Counsel

Arnold argues that he was deprived of his constitutional right to the effective assistance of counsel on two grounds. First, he alleges that his trial counsel failed to object to the sentencing enhancement under § 2G2.2(b)(3)(E) on the grounds that the government did not prove Arnold took a substantial step towards enticing a minor to engage in prohibited sexual conduct. Second, he claims his appellate counsel was ineffective because he did not challenge the sufficiency of the evidence of the same enhancement on appeal.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) the attorney's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A petitioner must satisfy both prongs of the test to succeed. A finding against a petitioner on either prong ends the court's

3

inquiry. *Id.* at 692.

When looking at the first prong, the performance prong, the court "consider[s] the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)). With respect to the second prong, the prejudice prong, the petitioner "must be able to demonstrate that the complained of deficiency resulted in prejudice, or . . . a 'reasonable probability' that in the absence of error the result of the proceedings would have been different, and was fundamentally unfair or unreliable." *Williams v. Washington,* 59 F.3d 673, 682 (7th Cir. 1995) (quoting *Strickland*, 466 U.S. at 694; *also citing Lockhart v. Fretwell*, 506 U.S. 364, 381 (1993)).

A.   Arnold's Trial Counsel

Arnold first claims that his trial attorney, Mr. Standish E. Willis, was ineffective for failing to make the argument that the seven-level sentencing enhancement under the United States Sentencing Guidelines § 2G2.2(b)(3)(E) was not applicable to Arnold, because Arnold did not take any actual steps to meet "Mandy." In Arnold's words, his attorney was ineffective "for original plea because he failed to object to sentencing enhancing based on enticement without actual action to accomplish as stated in the requirements of the charge." (09 CV 1018, Dkt. No. 4 ("§ 2255 Mot.") ¶ 14.A.)

United States Sentencing Guidelines § 2G2.2(b)(3)(E) states: "Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels." United States Sentencing

4

Commission Guidelines Manuel § 2G2.2(b)(3)(E) (2005).

Contrary to Arnold's assertion, Arnold's counsel did object to this enhancement in the Plea Agreement. Paragraph 7 (d) of the Plea Agreement specifically acknowledges the parties' dispute on this point, and states: "The defendant contends that no enhancement pursuant to § 2G2.2(b)(3)(E) should apply to [Arnold's] criminal conduct in this case." (Plea Agreement ¶ 7 (d).) In Arnold's sentencing memorandum, his counsel argued that Arnold did not intend to persuade, induce, or entice "Mandy" to engage in prohibited sexual conduct, as evidenced by the fact that "he made no efforts to come to the Chicago area to meet 'Mandy.'" (05 CR 478, Dkt. No. 53 at 27.) Counsel argued that "Arnold's suggestion that a meeting take place between himself and 'Mandy' is a reflection of his personality disorder, not a reflection of his intent. Thus, his offense level should not be increased by 7 levels." (*Id.* at 28.)

Arnold's trial counsel also argued against this enhancement at the sentencing hearing, relying on the theory that Arnold's actions were a reflection of his personality disorder and not of his intent to persuade, induce, or entice "Mandy" to actually engage in prohibited sexual conduct. Counsel presented testimony from Dr. Steve Farmilant and Captain Robert W. Bradley as to Arnold's post-traumatic stress disorder from (1) being molested as a child and, (2) his time spent in the combat zone in Iraq. (*See generally* Nov. 30, 2006 Hr'g Tr. at 8-27, 49-100.) Arnold's attorney further argued:

> But I guess the final thing is, not only as Dr. Farmilant has indicated, he was playing a role, but, more importantly, even if he wasn't playing a role, he did nothing except engage in some conversations to make a move that would suggest intent in this case, and I think because of that, the government just doesn't have enough.
>
> If, on the other hand, he was on a flight, as many cases we have in this court, or something like that, bought a plane ticket, then I think that was an affirmative step, but just the internet dialogue I don't think was enough for him to say that he was trying to

entice.

*Id.*

Although the court determined that the § 2G2.2(b)(3)(E) enhancement did apply in calculating Arnold's guidelines range, the court's ruling rejecting Arnold's position on this point should not be considered a reflection of Arnold's trial counsel's performance. Mr. Willis, Arnold's trial counsel, did all that any defendant's lawyer could reasonably do for any client under the same facts. He objected and argued vigorously against the seven-level enhancement in the Plea Agreement and at sentencing. Arnold's claim that his trial counsel was ineffective is without merit. Mr. Willis' performance on Arnold's behalf was, in the court's view, substantially above the objective standard of reasonableness.

B.  Arnold's Appellate Counsel

Arnold also claims his appellate counsel, Mr. Kent Anderson, was ineffective for failing to challenge the sufficiency of the evidence with respect to the applicability of § 2G2.2(b)(3)(E). When analyzing a claim by a criminal defendant that asserts appellate counsel's ineffectiveness, the Seventh Circuit has stated that:

> [W]e must first analyze the trial court record to determine whether his appellate attorney, in fact, ignored "significant and obvious" issues. We must then compare each neglected issue to . . . the issue actually raised on appeal.
>
> Only if an ignored issue is "clearly stronger" than the argument raised on appeal will the attorney's performance be considered constitutionally deficient (thereby satisfying the first prong of the *Strickland* test). To establish prejudice—the other component of the *Strickland* test—[the petitioner] must show that there is a reasonable probability that, but for the deficient performance of the attorney, the result of the appeal would have been different.

*Suggs v. U.S.*, 513 F.3d 675, 678 (2008) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985)).

1. <u>Performance</u>

There is no question that trial counsel's objections in the Plea Agreement, the sentencing memorandum, and during the bulk of the sentencing hearing make it obvious that the seven-level enhancement was in fact a very significant issue regarding Arnold's sentence. It is also clear that appellate counsel did not raise this issue on appeal. The question that remains with regard to appellate counsel's performance is whether this neglected issue was clearly stronger than the issues actually raised on appeal.

Appellate counsel in Arnold's case challenged the reasonableness of the sentence under 18 U.S.C. § 3553(a) instead of challenging this court's Guidelines calculation, which included the seven-level enhancement under § 2G2.2(b)(3)(E). Arnold has not explained why this was not sound appellate strategy, or why his current argument as to the enhancement was "clearly stronger" than the approach taken by his appellate counsel. As the Seventh Circuit has stated more than once, "[t]he *Strickland* test is 'highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices.'" *United States v. Ruzzano*, 247 F.3d 688, 697 (7th Cir. 2001) (quoting *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000)).

Arnold relies on *United States v. Gladish*, 536 F.3d 646 (7th Cir. 2008), in his contention that appellate counsel should have argued against the application of the seven-level enhancement on the grounds that Arnold did not take a substantial step towards persuading, inducing, or enticing "Mandy" to engage in prohibited sexual conduct with him. But Arnold's argument is without merit because the "substantial step" language in *Gladish* refers to the defendant's crime of conviction under 18 U.S.C. § 2422(b) and not the sentencing enhancement in § 2G2.2(b)(3)(E). Section 2422(b) criminalizes "using the mail or any facility or means of

interstate or foreign commerce . . . to knowingly persuade[ ], induce[ ], entice[ ], or coerce[ ] any individual who has not attained the age of eighteen years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense, or *attempt[ing]* to do so." 18 U.S.C. § 2422(b) (emphasis added). The defendant in *Gladish* was charged under the attempt provision of this statute. *Gladish*, 536 F.3d at 648 ("The defendant of course did not succeed in getting 'Abigail' to have sex with him, and if he had, he would not have been guilty of a completed violation of section 2422(b) because the agent who called herself 'Abigail' was not a minor."). "To be guilty of an attempt [the defendant] must intend the completed crime and take a 'substantial step' towards its completion." *Id.* (internal citations omitted). Section 2G2.2(b)(3)(E) does not rely on the defendant's actions, attempted or otherwise. Instead, the court considers whether the defendant "*intended* to persuade, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." United States Sentencing Commission Guidelines Manuel § 2G2.2(b)(3)(E) (2005) (emphasis added). Because no evidence of any "substantial step" is required under § 2G2.2(b)(3)(E), this court cannot find that Arnold's appellate counsel neglected an issue that was clearly stronger than the issues actually raised on Arnold's behalf during the appeal from his conviction and sentence.

2. Prejudice

"To establish prejudice—the other component of the *Strickland* test—[the petitioner] must show that there is a reasonable probability that, but for the deficient performance of the attorney, the result of the appeal would have been different." *Suggs*, 513 F.3d at 678. Based on the analysis above, Arnold has not shown a reasonable probability that the result of the proceedings would have been any different but for appellate counsel's performance. Arnold's

8

reliance on *Gladish* is unpersuasive because that case deals with a separate criminal statute. Arnold's argument that he did not take a substantial step is irrelevant, because under §2G2.2(b)(3)(E) no substantial step is required. Had counsel raised Arnold's current argument on appeal, he would not have prevailed. Arnold's § 2255 motion is therefore denied to the extent it is based on the alleged ineffective assistance of Arnold's appellate counsel.

II.     Due Process Claims

Arnold also seeks relief under what he refers to as a "Booker rules" violation. (2255 Mot. ¶ 14.C.) Arnold argues that "[t]he enhancement that was given had to be proven by jury under Booker rules before being applied to the defendant" and "[d]ue process was violated when government applied an enhancement based on a recommendation of the Probation Dept." without approving the applicability of the enhancement to the jury. (*Id.* ¶¶ C, D.) The court finds that these two arguments have been procedurally defaulted because Arnold did not raise these issues on his direct appeal.

The proper method for addressing alleged errors at sentencing is through direct appeal. *Scott v. United States*, 977 F.2d 340, 342 (7th Cir. 1993) ("Persons who believe that district judges have not enforced all of their rights must appeal; having bypassed that opportunity they may not demand belated review."). Accordingly, claims that were not raised on direct appeal are barred from consideration under a § 2255 motion unless the movant can show cause and prejudice for his failure to raise the issue on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Because these two issues were not raised on direct appeal, Arnold cannot raise them now.

To explain this procedural default, Arnold generically argues that "these grounds were

9

not raised due to the incompetency of prior attornies [sic]." (2255 Mot. ¶ 15.) Arnold, however, fails to explain how he was prejudiced by his counsel's failure to raise these issues on appeal. The law is clear that had these defaulted issues been raised on direct appeal, Arnold would not have prevailed. The Seventh Circuit has repeatedly held that "sentencing enhancements need not be found by a jury beyond a reasonable doubt because they no longer alter the statutory maximum." *United States v. Lacey*, 569 F.3d 319, 325-26 (7th Cir. 2009) (quoting *United States v. White*, 472 F.3d 458, 464 (7th Cir. 2006)). Arnold's due process claim is without merit.

## CONCLUSION

For the reasons set forth above petitioner Jeffery Arnold's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 (Dkt. No. 1) is denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: July 30, 2009